Joseph J. Tabacco, Jr. (75484)
jtabacco@bermanesq.com
Christopher T. Heffelfinger (118058)
cheffelfinger@bermanesq.com
Lesley A. Hale (237726)
lhale@bermanesq.com
**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

Manuel J. Dominguez
mdominguez@bermanesq.com
**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**
222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401
Telephone: (561) 835-9400
Facsimile: (561) 835-0322

**Attorneys for Plaintiff and the Class**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON KIM, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| vs. | **DEMAND FOR JURY TRIAL** |
| KOREAN AIR LINES CO. LTD., and ASIANA AIRLINES INC., | |
| Defendants. | |

CLASS ACTION COMPLAINT FOR DAMAGES

## INTRODUCTION

1. Plaintiff Jason Kim, on behalf of himself and all others similarly situated, through his undersigned attorneys, hereby brings this action seeking treble damages, other monetary relief and equitable relief for Defendants' violations of the federal antitrust laws. Plaintiff's claims as to himself and his own actions, as set forth in paragraph 8 herein, are based upon his own knowledge. All other allegations are based upon information and belief pursuant to the investigation of counsel.

2. This lawsuit is brought as a class action on behalf of all persons or entities who purchased air transportation services containing at least one flight segment between the United States and the Republic of Korea ("Korea") from Defendant Korean Air Lines Co., Ltd. ("Korean Air") or Defendant Asiana Airlines, Inc. ("Asiana"), between January 1, 2000 and the present ("Class Period"). Defendants are in the business of providing passenger air transportation services. Passenger air transportation service is an international market which affects U.S. commerce.

3. Korean Air and Asiana are the two largest Korean airlines and the only Korean airlines offering passenger air transportation services to and from Korea and the U.S. Plaintiff alleges that during the Class Period, Defendants entered into a contract, combination or conspiracy to fix, raise, maintain or stabilize fares for passenger air transportation services containing flight segments between Korea and the U.S.

4. As a direct and proximate result of Defendants' unlawful contract, combination or conspiracy, Plaintiff and members of the class have been and continue to be denied the benefits of free and unrestrained competition in the market for passenger air transportation services containing flight segments between Korea and the U.S. Plaintiff and members of the class have, therefore, been forced to pay artificially high passenger air transportation fares causing them to sustain injury to their business or property.

## JURISDICTION AND VENUE

5. This action arises under Section 1 of the Sherman Act and Section 4 of the Clayton Act.

CLASS ACTION COMPLAINT FOR DAMAGES 1

6. Jurisdiction of this Court is founded on Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§15 and 26 for violations of Section 1 of the Sherman Act, 15 U.S.C. §1, and on 28 U.S.C. §§1331 and 1337.

7. Venue as to Defendants is proper in this district pursuant to 15 U.S.C. §§15(a) and 22 and 28 U.S.C. §1391(b) and (c), in that more than one Defendant resides in the judicial district, is licensed to do business and/or is doing business in this judicial district. The interstate trade and commerce described herein have been carried out, in part, within this district.

## PARTIES

8. Plaintiff Jason Kim, during the Class Period, purchased passenger air transportation services containing a flight segment between Korea and the U.S. from Defendant Korean Air.

9. Defendant Korean Air Lines Co., Ltd. is a Korean corporation headquartered at 1370, Gonghang-dong, Gangseo-gu, Seoul, Korea. Korean Air services 90 cities in 33 countries. It is one of the world's top 20 airlines, measured by revenue. Korean Air is the largest passenger carrier between Korea and the U.S. During the Class Period, Korean Air sold passenger air transportation services containing flight segments between Korea and the U.S.

10. Defendant Asiana Airlines, Inc. is a Korean corporation headquartered at Kangseo P.O. Box 98 # 47, Oseo-dong, Kangseo-Ku Seoul, Korea. Asiana provides passenger air transportation services to 17 countries. During the Class Period, Asiana sold passenger air transportation services containing flight segments between Korea and the U.S.

11. Both Defendants operate several flights between San Francisco International Airport and Seoul, South Korea.

### Co-Conspirators and Agents

12. Certain other persons, firms, corporations and entities have participated as co-conspirators in the violations and conspiracies alleged herein. To engage in the offenses charged and violations alleged herein, these co-conspirators have performed acts and made statements in furtherance of the antitrust violations and conspiracies alleged herein.

13. At all relevant times, each Defendant was an agent of each of the other Defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency. Each

Defendant ratified and/or authorized the wrongful acts of each of the Defendants. Defendants, and each of them, are individually sued as participants and as aiders and abettors in the improper acts and transactions that are subject of this action.

## INTERSTATE TRADE AND COMMERCE

14. Throughout the Class Period, Defendants and/or their wholly owned subsidiaries or affiliates provided passenger air transportation services to and from airports in the U.S. and to and from airports in Korea. This type of passenger air transportation service is not an exclusively foreign market, but instead is an international market with significant ties to U.S. commerce. Defendants engaged in a conspiracy that involved U.S. domestic commerce. Many passenger air transportation clients were located in the U.S.

15. The passenger air transportation service provided by Defendants had a direct, substantial and reasonably foreseeable effect on U.S. commerce. Defendants engaged in conduct within the U.S., including regularly and frequently soliciting customers, sending invoices and receiving payments via the mail and the wires throughout the U.S. The marketing, sale and provision of passenger air transportation services regularly occurs in and substantially affects interstate and international trade and commerce.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action both on behalf of himself individually, and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following class (the "Class").

> All persons and entities who purchased passenger air transportation services containing a flight segment between the United States and the Republic of Korea, from one or more Defendants between January 1, 2000 and the present. Excluded from the Class are all federal, state and governmental entities, Defendants and their unnamed co-conspirators and their respective predecessors, subsidiaries, affiliates, parent entities and business partners.

17. Plaintiff does not know the exact number of Class members because such information is in the exclusive control of Defendants. Plaintiff believes that, due to the nature of trade and commerce involved, there are likely thousands of Class members in the U.S., and joinder of all Class members is impracticable.

18. Plaintiff's claims are typical of the claims of the Class in that Plaintiff purchased passenger air transportation services containing a flight segment between Korea and the U.S. from a Defendant, all Class members were damaged by the same wrongful conduct of Defendants and their co-conspirators as alleged herein and the relief sought is common to the Class.

19. Several questions of law or fact arising from Defendants' anti-competitive conduct are common to the Class. They include:

   a. Whether Defendants engaged in a contract, combination or conspiracy among themselves to fix, maintain or stabilize the prices of or allocate the market for passenger air transportation services which contain a flight segment between Korea and the U.S.;

   b. Whether Defendants' conduct caused prices of passenger air transportation services which contain a flight segment between Korea and the U.S. to be artificially inflated to non-competitive levels;

   c. Whether Plaintiff and other members of the Class were injured by Defendants' conduct and, if so, the appropriate Class-wide measure of damages and appropriate injunctive relief; and

   d. Whether one or both Defendants took affirmative steps to conceal the contract, combination or conspiracy.

20. The aforementioned questions of law or fact are common to Plaintiff and the Class and predominate over any other questions affecting only individual Class members.

21. There is no conflict of interest between Plaintiff and other Class members. Plaintiff has retained and is represented by counsel experienced in class actions and antitrust law.

22. The questions of law or fact common to the claims of the Class predominate over any questions affecting only individual Class members, so that the certification of this case as a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants.

CLASS ACTION COMPLAINT FOR DAMAGES                                                                                   4

24. Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

## FACTUAL ALLEGATIONS

25. Throughout the Class Period, Korean Air and Asiana provided passenger air transportation services and were engaged in the sale of passenger air transportation services containing a flight segment between Korea and the U.S.

26. The fare charged by Defendants for passenger air transportation services containing a flight segment between Korea and the U.S. consisted of at least two components — a base fare and a fuel surcharge.

27. Beginning on or about January 1, 2000, Defendants began participating in meetings, conversations and communications to discuss the charges for the base fare and fuel surcharge for passenger air transportation services containing a flight segment between Korea and the U.S.

28. During the meetings, conversations and communications, Defendants agreed on fixing the base fare and/or the fuel surcharge for passenger air transportation services containing a flight segment between Korea and the U.S.

29. Defendants implemented the price fixing agreement and then had subsequent meetings, conversations and communications to monitor and enforce the agreed-upon fares.

30. As a result of Defendants' conspiracy, Plaintiff and Class members paid supra-competitive fares for passenger air transportation services sold by Defendants.

31. In February 2006, Korean Air and Asiana confirmed reports that investigators from the Korean Fair Trade Commission had raided their offices over concerns that they had engaged in cartel behavior.

32. On August 1, 2007, the U.S. Department of Justice ("DOJ") filed charges against Korean Air. The DOJ charged that Korean Air participated in a conspiracy to fix fares for air passenger transportation services. The DOJ also announced on August 1, 2007 that Korean Air had agreed to plead guilty and pay a separate $300 million criminal fine for its role in conspiracies, including the conspiracy to fix fares for passenger air transportation services.

33. On August 2, 2007, *The Korean Times* quoted an Asiana spokesperson as saying that the company had provided information requested by government authorities in relation to the Korean Air investigation.

34. On August 23, 2007, Korean Air entered its guilty plea to conspiracy to restrain trade and was sentenced to pay a $300 million fine after admitting it conspired to fix the fares for air transportation services.

35. During Korean Air's sentencing, U.S. District Attorney John D. Bates commented that this conspiracy "involved considerable commerce."

36. Korean Air and Asiana are both members of the Association of Asia Pacific Airlines, a trade association that traces its origins back more than 40 years. This common association facilitated the exchange of pricing information between Korean Air and Asiana.

## FRAUDULENT CONCEALMENT

37. Prior to Wednesday, August 1, 2007, Plaintiff had no knowledge of the combination, contract or conspiracy alleged herein. Further, even with the exercise of reasonable due diligence, Plaintiff would have not been able to discover the existence of the combination, contract or conspiracy at an earlier date because of the deceptive practices and techniques of secrecy employed by Defendants and their co-conspirators. These practices and techniques included, without limitation, falsely attributing price increases to increased operating costs.

38. Plaintiff had no reason to disbelieve these statements which, on their face, appeared to be reasonable explanations for the pricing of passenger air transportation services. The explanations provided by Defendants were based on non-public and/or proprietary information completely in Defendants' control, such that Plaintiff and Class members could not verify their accuracy. Defendants' purported reasons for the fare increases of passenger air transportation services were materially false and misleading and were made for the purpose of concealing Defendants' anti-competitive scheme as alleged herein.

39. As a result of the fraudulent concealment of the conspiracy, Plaintiff asserts the tolling of the applicable statute of limitations affecting the causes of action by Plaintiff and the Class members.

# Count I

## Violation of Sherman Act §1 (15 U.S.C. §1)

40. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Defendants and their co-conspirators have engaged in a horizontal contract, combination or conspiracy in an unreasonable restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. §1.

42. From June 2002 and continuing to the present, the exact dates being unknown to Plaintiff, Defendants and their co-conspirators engaged in a contract, combination or conspiracy to fix, raise, maintain or stabilize the fares for passenger air transportation services containing one segment between Korea and the U.S., in violation of Section 1 of the Sherman Act, 15 U.S.C. §1. The conspiracy operated domestically as well as internationally.

43. The contract, combination or conspiracy has had and will continue to have the following effects:

    a. Competition in the market for passenger air transportation services containing a flight segment between Korea and the U.S. has been unlawfully restrained, suppressed or eliminated;

    b. Plaintiff and Class members have been denied the benefits of free, open and unrestricted competition in the market for passenger air transportation services containing a flight segment between Korea and the U.S.; and

    c. The fares for passenger air transportation services containing a flight segment between Korea and the U.S. have been maintained or stabilized at artificially high and non-competitive levels.

44. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and Class members have suffered injury to their business or property and have paid artificially high prices for passenger air transportation services containing a flight segment between Korea and the U.S.

CLASS ACTION COMPLAINT FOR DAMAGES                                              7

45. If not permanently enjoined, the unlawful contract, combination or conspiracy will continue and cause irreparable harm to Plaintiff and Class members who have no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray that the Court enter judgment in their favor as follows:

A. Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Declaring that Defendants violated and are in violation of Section 1 of the Sherman Act, 15 U.S.C. §1;

C. Awarding treble damages sustained by Plaintiff and Class members as a result of Defendants' violations;

D. Ordering injunctive relief preventing and restraining Defendants and all persons acting on their behalf from engaging in the unlawful acts alleged herein;

E. Awarding Plaintiff and the Class the costs, interest, expenses and reasonable attorneys' fees and experts' fees for bringing and prosecuting this action; and

F. Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

Dated: October 4, 2007

**BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO**

By: _/s/ Christopher T. Heffelfinger_
Christopher T. Heffelfinger

Joseph J. Tabacco, Jr.
Lesley A. Hale
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

CLASS ACTION COMPLAINT FOR DAMAGES                                        8

Manuel J. Dominguez
222 Lakeview Avenue, Suite 900
West Palm Beach, FL 33401
Telephone: (561) 835-9400
Facsimile: (561) 835-0322

**Attorneys for Plaintiff and the Class**